**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1552-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RASAUN THOMPSON, a/k/a
RASUAN TAYLOR, and
RASUAN WILLIAMS,

    Defendant-Appellant.

_____

Submitted February 5, 2024 – Decided March 7, 2024

Before Judges Gilson and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 17-07-0443.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Howard Woodley Bailey, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Meagan E. Free, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Rasuan Thompson appeals from the September 13, 2021 order of the Law Division denying his petition for post-conviction relief (PCR) after an evidentiary hearing. We affirm.

I.

In 2017, a grand jury indicted defendant on sixteen counts alleging he possessed, and possessed with intent to distribute, controlled dangerous substances (CDS), conspired to distribute CDS, possessed drug paraphernalia with intent to distribute, and possessed a handgun while committing a CDS offense and while a convicted felon. The charges arose from evidence obtained during a traffic stop and the subsequent search of the vehicle defendant was driving.

Defendant, who was represented by private counsel, filed a motion to suppress the evidence. After a two-day hearing, the trial court denied the motion in an oral opinion. The court found that two police officers had probable cause to stop the vehicle because it had tinted windows. In addition, the court found that during the stop, the officers observed open alcohol containers, two glass vials of suspected cocaine, and a pouch containing 194 bags of suspected heroin and an additional twenty-five vials of suspected cocaine in plain view, justifying defendant's arrest. A subsequent search of the impounded vehicle pursuant to a

search warrant revealed a hidden compartment containing a handgun, ammunition, and a bag holding 100 vials of cocaine. Defendant thereafter terminated his relationship with his counsel and retained another attorney.

In 2018, defendant pleaded guilty to two counts of third-degree possession of CDS with intent to distribute within 1,000 feet of a school, N.J.S.A. 2C:35-7(a), and one count of second-degree possession of a firearm by a convicted felon, N.J.S.A. 2C:39-7(b)(1). Pursuant to a plea agreement, the trial court sentenced defendant to an aggregate seven-year term of imprisonment, with a five-year period of parole ineligibility. The court dismissed the remaining counts of the indictment. Defendant did not appeal his conviction or sentence.

In 2019, defendant filed a petition for PCR. He alleged ineffective assistance of counsel based on his trial attorneys' failure to: (1) provide him with copies of all discovery; (2) file a motion to dismiss the indictment based on the contention that false information was presented to the grand jury; (3) obtain a copy of police dispatch report defendant believed was necessary to his defense; (4) submit a brief in support of the suppression motion; (5) investigate police misconduct; (6) properly cross-examine a detective at the hearing on the suppression motion; (7) subpoena defendant's parole officer, a police sergeant, a police officer, and two others to be witnesses at the hearing; (8) permit

A-1552-21

defendant to testify at the hearing; (9) obtain personnel records of a police officer; (10) move to adjourn the trial, which caused defendant to enter a guilty plea because his counsel was not prepared for trial; and (11) assist defendant in filing an appeal of his conviction and sentence.[1]

Defendant alleged that he wanted this trial counsel to pursue the theory at the suppression hearing that: (1) officers issued a ticket for tinted windows to a family member who was driving the vehicle two weeks earlier; (2) he was participating in a parole program when, at some point prior to the stop, police received reports that the vehicle was being used to sell CDS; and (3) the pouch found in the vehicle was sealed and officers opened it without a warrant.

The trial court held a two-day evidentiary hearing on defendant's petition. Four witnesses testified: the attorney who represented defendant at the suppression hearing, the attorney who represented defendant at the plea allocution and sentencing, defendant's girlfriend, and defendant.

On September 13, 2021, Judge Mitzy Galis-Menendez issued a comprehensive, twenty-one-page written opinion denying the petition. The judge concluded that defendant "failed to make a showing trial counsel's acts or

---

[1] Defendant also alleged he was improperly denied jail credits. He did not appeal the trial court's resolution of that issue.

omissions at the suppression hearing amounted to ineffective assistance of counsel as measured by any objective standard." The judge found that defendant's counsel submitted a brief in support of the suppression motion, contrary to defendant's allegation. In addition, the judge found credible counsel's explanation that it was a reasonable professional trial strategy to not call witnesses at the suppression hearing because doing so would permit the State to cross-examine those witnesses and allow them to retell their accounts of why the stop and search of the vehicle were constitutional. The judge also credited the trial attorney's testimony that defendant did not express an interest in testifying at the suppression hearing and that if he had, the attorney would have advised against it. Noting defendant's criminal history, which would have been the subject of cross-examination, the judge concluded that such advice would have been a reasonable professional trial strategy.

The judge also found that defendant failed to establish his second counsel's failure to prepare for trial, if true, had a material bearing on the outcome of the case. Relying on the transcript of the plea allocution, the court found that defendant stated under oath that he was satisfied with the advice he received from his counsel. He did not express any reluctance to enter the plea

5

or any claim that he felt pressured to plead guilty because his attorney was not prepared for trial.

With respect to filing an appeal, the judge found that defendant failed to prove that he established an attorney-client relationship with his trial counsel for the purpose of filing an appeal. Although defendant testified that he directed his counsel to file an appeal and paid him $1,000 for that purpose, the judge found the record contained no corroborating evidence supporting that testimony. The retainer agreement entered into evidence states that defendant's counsel was retained for pretrial services and does not state counsel would represent defendant after sentencing. The judge noted that defendant's girlfriend testified that trial counsel informed her that his office was too busy with an ongoing trial to file an appeal. The judge also found that trial counsel had no obligation to inform defendant that he could seek representation from the Office of the Public Defender to file an appeal. Because counsel was not retained to file an appeal, he was not, the judge found, ineffective for not filing an appeal. The judge also rejected defendant's remaining claims.

A September 13, 2021 order memorializes the court's decision.

This appeal followed. Defendant raises the following arguments.

A-1552-21

POINT ONE

DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO ASSIST HIM IN FILING A DIRECT APPEAL IN VIOLATION OF U.S. CONST. AMENDS. VI, XIV; N.J. CONST. (1947) ART. I, PAR. 10.

POINT TWO

THE INITIAL STOP OF DEFENDANT'S VEHICLE WAS UNLAWFUL BECAUSE IT WAS NOT BASED ON ANY REASONABLE AND ARTICULABLE SUSPICION THAT THERE HAD BEEN ANY VIOLATION OF A MOTOR VEHICLE OFFENSE.

POINT THREE

DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL DURING THE MOTION TO SUPPRESS IN VIOLATION OF U.S. CONST. AMENDS. VI, XIV; N.J. CONST. (1947) ART. I, PAR. 10.

II.

Under Rule 3:22-2(a), a defendant is entitled to PCR if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey . . . ." "A petitioner must establish the right to such relief by a preponderance of the credible evidence." State v. Preciose, 129 N.J. 451, 459 (1992). "To sustain that burden, specific facts" which "would provide the court

7

with an adequate basis on which to rest its decision" must be articulated.  State v. Mitchell, 126 N.J. 565, 579 (1992).

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel.  State v. O'Neil, 219 N.J. 598, 610 (2014)(citing Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987)).  To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland and adopted by our Supreme Court in Fritz.  466 U.S. at 687; 105 N.J. at 58.  Under Strickland, a defendant first must show that his or her attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  466 U.S. at 687.  Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness."  Id. at 688.

A defendant also must show that counsel's "deficient performance prejudiced the defense[,]" id. at 687, because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the trial.  Ibid.  "[A] court

A-1552-21

need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697; State v. Marshall, 148 N.J. 89, 261 (1997). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

The right to the effective assistance of counsel extends to legal assistance related to the entry of a guilty plea. State v. Gaitan, 209 N.J. 339, 350-51 (2012). To set aside a guilty plea based on ineffective assistance of counsel, the defendant must "show that (i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nunez-Valdez, 200 N.J. 129, 139 (2009) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994) (citations omitted) (alteration in original)).

We "defer to [the] trial court's factual findings made after an evidentiary hearing on a petition for PCR." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016). "An appellate court 'should give deference to those findings of the trial judge which are substantially influenced by [their] opportunity to hear and

see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy.'" State v. Elders, 192 N.J. 224, 244 (2007) (quoting State v. Johnson, 42 N.J. 146, 161 (1964)).

Having carefully reviewed defendant's arguments in light of the record and applicable legal principles, we affirm the September 13, 2021 order for the reasons stated by Judge Galis-Menendez in her thorough and well-reasoned written opinion. As the judge found, defendant failed to establish that his counsel was ineffective during the suppression hearing. Defendant's counsel made a reasonable strategic decision not to call the police officers and others as witnesses at the hearing. The attorney also represented defendant at a hearing to revoke his parole based on his arrest in this matter. The officers who stopped defendant's vehicle and arrested him testified at the parole hearing. Counsel was able to evaluate their testimony and determined that any benefit from calling the officers at the suppression hearing would be outweighed by the State's opportunity to elicit favorable testimony from those witnesses during cross-examination. The same is true with respect to counsel's decision not to call defendant, whose criminal history could have been used by the State on cross-examination to undermine his credibility.

In addition, defendant did not establish that he retained his second counsel to file an appeal. While defendant and his girlfriend may have told counsel that defendant wanted to file an appeal, he informed them that his office was too busy with an ongoing trial to file an appeal. The retention agreement with counsel is limited to providing services through the sentencing. It does not state that the attorney would represent defendant on appeal. An attorney cannot be found ineffective for failing to file an appeal for which he was not retained. Compare Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) ("a lawyer who disregards specific instructions from a criminal defendant to file a notice of appeal acts in a manner that is professionally unreasonable.").

The notice of appeal rights form, which defendant's counsel reviewed with him, stated that private counsel will direct a defendant who "cannot afford" to retain private counsel to file an appeal to the Criminal Division Manager's Office for assistance in obtaining representation from the Office of the Public Defender. There is, however, no evidence in the record that defendant could not afford to file an appeal. To the contrary, he and his girlfriend admit that they sought to retain private counsel to file an appeal. They both claim to have given defendant's attorney $1,000 for that purpose. We are, therefore, not persuaded

11

by defendant's arguments that his counsel had a duty to inform him of the availability of a State-funded attorney to file his appeal.

Finally, defendant seeks review of the substantive merits of the trial court's denial of his suppression motion. A PCR petition, "is not, however, a substitute for appeal from conviction or for motion incident to the proceedings in the trial court . . . ." R. 3:22-3. Any ground for relief which could have been, but was not, raised in a direct appeal is barred from consideration through a PCR petition, absent circumstances not present here. R. 3:22-4(a)(1) to (3). After an evidentiary hearing, the trial court found defendant did not retain an attorney to file an appeal and the record contains no evidence that defendant took any steps in the year-and-a-half between his sentencing and the filing of his PCR petition to file an appeal challenging the denial of his motion to suppress. An appeal from the denial of defendant's PCR petition is not the appropriate vehicle for substantive review of the trial court's decision denying his motion to suppress.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION